# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LESLIE HUBERT TILLMAN, as Special Administrator of the Estate of CLARA TILLMAN, deceased,<br><br>Plaintiff,<br>v.<br><br>DOLGENCORP, LLC d/b/a DOLLAR GENERAL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 6:24-cv-178-JAR<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter comes before the Court on the motion for remand to state court ("Motion") [Doc. 23][1] of plaintiff Leslie Hubert Tillman, as Special Administrator of the Estate of Clara Tillman, deceased ("Plaintiff"), filed June 14, 2024. Plaintiff requests that the Court return this case to the District Court of Sequoyah County, Oklahoma based on the failure of defendant Dolgencorp, LLC d/b/a Dollar General ("Dolgencorp LLC") to meet its burden of proving diversity of citizenship for purposes of establishing subject matter jurisdiction. Dolgencorp LLC timely opposed the Motion. [Doc. 24].

### I. DISCUSSION

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." Salzer v. SSM Health Care of Okla., Inc., 762 F.3d 1130, 1134 (10th Cir. 2014) (*citing* 28 U.S.C. § 1441(a)).

---

[1] For clarity and consistency herein, when the Court cites to the record, it uses the pagination and document numbers provided by CM/ECF.

1

However, a federal court must remand a removed action back to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Id. (*quoting* 28 U.S.C. § 1447(c)); *see also* Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005) ("It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."). "The party invoking federal jurisdiction has the burden to establish that it is proper, and 'there is a presumption against its existence.'" Id. (*quoting* Basso v. Utah Power & Light Co., 495 F.3d 906, 909 (10th Cir. 1974)); *see also* Middleton v. Stephenson, 749 F.3d 1097, 1200 (10th Cir. 2014) ("[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.").

In this case, Dolgencorp LLC invoked diversity jurisdiction under 28 U.S.C. § 1332 in its notice of removal. *See* [Doc. 2]. The requirements for a federal district court to exercise jurisdiction based on diversity of citizenship are found in § 1332(a), which provides in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]

As to the first jurisdictional requirement for diversity – amount in controversy – Plaintiff alleges in his state court petition that the decedent's "injuries and damages

are in excess of the amount required for diversity jurisdiction under 28 U.S.C. § 1332 (currently $75,000.00)[.]" [Doc. 2-2, ¶ 24]. Consequently, the amount in controversy requirement for diversity jurisdiction is satisfied. *See* Lonnquist v. J.C. Penney Co., 421 F.2d 597, 599 (10th Cir. 1970) ("Ordinarily, the amount in controversy is to be determined by the allegations of the complaint[.]").

Turning to the second jurisdictional requirement for diversity – a dispute between citizens of different states – Plaintiff contends that Dolgencorp LLC has not met its burden of proving diversity of citizenship for *all* parties involved in this case. [Doc. 24 at 4]. In his petition, Plaintiff represents that he and the decedent were residents of Muskogee County, Oklahoma at all times material to this action. [Doc. 2-2, ¶¶ 1-2]. In support of its claim for diversity of citizenship, Dolgencorp LLC filed a disclosure statement showing it is a limited liability company duly organized and existing under the laws of Kentucky with its principal place of business in Tennessee. [Doc. 2, ¶ 6; Doc. 16 at 1]. Dolgencorp LLC has provided further evidence that its sole parent entity, Dollar General Corporation, is incorporated in Kentucky with its principal place of business in Tennessee. [Doc. 2, ¶ 7; Doc. 16 at 2]. This evidence sufficiently shows Dollar General Corporation's citizenship, and the Court is satisfied that Dollar General Corporation is a Tennessee citizen for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). Because a limited liability company takes the citizenship of all its members for purposes of diversity jurisdiction and Dollar General Corporation is the sole member of Dolgencorp LLC, Dolgencorp LLC is also a

Tennessee citizen. *See* Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1238 (10th Cir. 2015).

In addition, Plaintiff argues that by obtaining a liquor license and being subject to the Oklahoma Food Service Establishment, Dolgencorp LLC cannot establish diversity jurisdiction in this Court. [Doc. 23 at 4-5]. The Oklahoma Alcoholic Beverage Control Act, Okla. Stat. tit. 37A, § 1-101, *et seq*. (the "Act') deals with qualifications for selling alcoholic beverages. To start, the Oklahoma legislature made alcoholic beverages themselves subject to the Act. *See* Okla. Stat. tit. 37A, § 1-102(B) ("All alcoholic beverages as herein defined except alcohol produced for use as a motor fuel under a permit issued by the Oklahoma State Department of Agriculture, Food, and Forestry shall be subject to the provisions of" the Act.). All entities, whether foreign or domestic, are required to apply for and obtain a retail spirits license in order to legally sell alcoholic beverages in Oklahoma. Id. § 1-103(4). "Applicant" is defined as "any individual, legal or commercial business entity, or any individual involved in any legal or commercial business entity allowed to hold any license issued in accordance with" the Act. Id. § 1-103(3). Pursuant to § 2-109, "[a] retail spirits license shall authorize the holder" to, among other things, sell licensed alcoholic beverages within Oklahoma. Here, Dolgencorp LLC is correct that nothing in the Act indicates a requirement that, to obtain a retail spirits license, a foreign entity must surrender its foreigner status and/or reorganize to become an Oklahoma entity.

Finally, Plaintiff appears to argue that he should be permitted to conduct "limited discovery" on the entity status of Dolgencorp LLC. [Doc. 23 at 3]. But the

4

Court takes judicial notice of public records available on the Oklahoma Secretary of State's website that identify Dolgencorp LLC as a foreign limited liability company organized under Kentucky state law.[2] Further, jurisdictional discovery is warranted "where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1326 (10th Cir. 2002) (quotation omitted). Here, Plaintiff offers no facts or evidence to controvert the status of Dolgencorp LLC. As the relevant facts are a matter of public record, jurisdictional discovery is unnecessary.[3]

## II.  CONCLUSION

For the foregoing reasons, the Court finds that Dolgencorp LLC does not share Plaintiff's Oklahoma citizenship. Consequently, complete diversity exists and federal subject matter jurisdiction is proper under 28 U.S.C. § 1332. Plaintiff's motion for remand to state court [Doc. 23] is therefore **DENIED**.

IT IS SO ORDERED on this 3rd day of September, 2024.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

---

[2] See [Doc. 24-4 (Information for Dolgencorp LLC, OKLAHOMA SECRETARY OF STATE, https://www.sos.ok.gov/corp/corpInformation.aspx?id=3712208653)].

[3] However, nothing herein shall be construed to prohibit Plaintiff from conducting discovery directed to this Court's jurisdiction during the general discovery period.